IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

*FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2018 JUL 31 PM 12: 12

OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR84 |
| vs. | PLEA AGREEMENT |
| Perkins & Perkins Co., LLC., | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Robert C. Stuart, Acting United States Attorney and Donald J. Kleine, Assistant United States Attorney, and defendant, Perkins & Perkins Co., LLC. and J. William Gallup, counsel for defendant, as follows:

## I
## THE PLEA

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to an Information that charges the defendant with making false statements relating to wages paid and compliance with the Davis Bacon Act during the performance of a federal contract, in violation of Title 18, United States Code, Section 1001.

The United States agrees not to prosecute any officer or management acting in their individual capacity for providing false statements or other possible federal violations resulting from Perkins Co.'s participation involving six (6) Department of Transportation, Federal Transit Administration, State of Nebraska and Iowa subcontracts to perform work on Highway and Road projects in Iowa and Nebraska between 2012 and 2014.

## II
## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.  Defendant Perkins Co. knowingly, voluntarily and intentionally made a false statement or statements in a matter within the jurisdiction of the United States;

1

2. The statement was material to the Department of Labor; and

3. The statement was a matter within the jurisdiction of the United States Department of Labor.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

Perkins & Perkins Co., LLC. (Perkins Co.) does business in the District of Nebraska and elsewhere. It is a concrete and construction company with its principal place of business located in Omaha, Nebraska.

Between 2012 to 2014, Perkins Co. was awarded $1,530,503.71 in five (5) Department of Transportation, Federal Transit Administration, State of Nebraska and Iowa subcontracts to perform work on Highway and Road projects in Iowa and Nebraska. The projects were each federally funded requiring compliance with the Davis-Bacon Act.

The Davis-Bacon Act required that any participant on a qualifying federal contract pay a prevailing wage and submit certified payroll records to the project's General Contractor certifying that prevailing wages were in fact paid. Certified payroll records submitted to each project's General Contractor are relied upon by the Department of Labor for processing payments to subcontractors, such as Perkins Co.

Between 2012 and 2014, and specifically on August 29, 2014, and September 22, 2014, in the District of Nebraska, and elsewhere, Perkins Co. falsified certified payroll records relied upon by the Department of Labor, which stated Perkins Co. paid the required prevailing wage. In fact, and as Perkins Co. well knew, Perkins Co. employees were paid less than the prevailing wage resulting in a difference of $75,666 between certified wages claim to have been paid and actual wages paid. General Contractors of the five (5) Department of Transportation, Federal Transit Administration, State of Nebraska and Iowa Highway and Road projects in Iowa and Nebraska ultimately paid Perkins Co.'s employees the $75,666 difference between the certified wages claim to have been paid and actual wages paid.

### III
### PENALTIES

A.  Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    1.  A maximum of 5 years of probation;

    2.  A maximum $500,000 fine;

    3.  A mandatory special assessment of $400.

### IV
### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

### V
### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure the United States and Perkins Co. agree:

(1) The Court, in its discretion, may impose a fine upon Perkins Co.

(2) Perkins Co. be placed on probation for a period of three years under the following terms and conditions:

    (a) Perkins Co. will cooperate with the United States Department of Labor to include consenting to a debarment precluding participation in federal contracts. Perkins Co. further acknowledges the United States Department of Labor Wage and Hour Final Determination and Default Judgment entered against it on or about April 8, 2016, and Perkins Co. agrees to comply with the terms set forth therein.

    (b) Restitution shall be ordered in the amount of $ $75,666.

(3) A corporate representative with authority to bind the corporation will appear on behalf of Perkins Co. to enter the guilty plea and for the imposition of the sentence in the United States District Court for the District of Nebraska.

B.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the defendant at the time the Defendant enters the guilty plea contemplated by this plea agreement.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

4

## VII
## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## **SCOPE OF AGREEMENT**

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $125. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XI

### DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
ROBERT C. STUART
Acting United States Attorney

_5/15/2018_
Date

Donald J. Kleine
ASSISTANT U.S. ATTORNEY

_May 15, 2018_
Date

Perkins & Perkins Co., LLC.
DEFENDANT

_May 15, 2018_
Date

J. William Gallup
COUNSEL FOR DEFENDANT

6